IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY T. GROSE, SR.**                                                              **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:11CV227-LG-RHW**

**JANET NAPOLITANO, Secretary,**
**Department of Homeland Security,**
**Federal Emergency Management**
**Agency; and JOHN STEVIAN, Human Resources**
**Specialist, Department of Homeland Security,**
**FEMA Human Capital Recruitment**                             **DEFENDANTS**

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION, OR IN THE ALTERNATIVE,
<u>MOTION FOR SUMMARY JUDGMENT</u>

**BEFORE THE COURT** are the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [46] filed by Defendants Janet Napolitano, Secretary of Department of Homeland Security, and John Stevian, Human Resources Specialist for FEMA, in their official capacities,[1] and the Motion for Summary Judgment [48] filed by Anthony T. Grose. Grose claims that Napolitano and Stevian did not select him to fill a job vacancy with FEMA is 2007, due to his race, his gender, and his military-connected disability. Napolitano and Stevian seek dismissal of this lawsuit, arguing that Grose's lawsuit is untimely, it was filed in the wrong court, and FEMA had a legitimate, nondiscriminatory reason for refusing to hire Grose. Grose has filed a

---

[1] The docket in this matter incorrectly lists FEMA and the Department of Homeland Security as separate defendants to this lawsuit. However, Grose's Complaint only identifies two defendants – Napolitano and Stevian.

cross-motion for summary judgment, accusing the defendants of failing to comply with his discovery requests, committing perjury, and tampering with his application. He also asserts that the defendants have admitted negligence. The parties have also filed several Motions related to a sur-reply filed by Grose without the Court's permission. Upon reviewing the submissions of the parties, the Court finds that the Defendants' Motion to Dismiss and for Summary Judgment should be granted, and Grose's Motion for Summary Judgment should be denied. The Court further finds that all other pending Motions are moot.

## FACTS

Grose, an African-American male, served as an active duty member of the United States Coast Guard for twenty-one years. He now works for the Coast Guard in a civilian capacity. He receives service-connected disability benefits from the Department of Veterans Affairs due to hemorrhoids and allergic rhinitis. (Defs.' Mot., Ex. C at 2, ECF No. 46-3). Grose also stated at his deposition that he is disabled due to back pain, neck pain, shoulder pain, and degenerative arthritis. (Defs.' Mot., Ex. A at 23-24, ECF NO. 46-1).

In April 2007, Defendant John Stevian issued a vacancy announcement for numerous Housing Advisor Caseworker positions with FEMA. (Defs.' Mot., Ex. B at 2, ECF No. 46-2). The positions were renewable two-year term positions. (*Id.*) The vacancy announcement was posted on the USAJOBS website and the FEMA website. (*Id.*) The USAJOBS announcement did not inform applicants that they must indicate the duty station that they preferred to work at if they wanted to be

considered for the position. (*Id.* at 3). However, the FEMA announcement included this information. (*Id.*) Stevian claims that this discrepancy was an oversight, and the agency did not realize that applicants who only viewed the USAJOBS website were not aware of this requirement for consideration. (*Id.* at 6). Applicants who did not identify their preferred duty station were automatically disqualified from consideration. (*Id.* at 4).

FEMA received 267 applications in response to the vacancy announcement. Grose and 124 other applicants were disqualified for failing to identify their preferred duty station(s). (*Id.*) Fifty-nine applicants were selected for employment. (*Id.* at 5). All of the selected applicants had identified their duty station preference. (*Id.*) Ten of the applicants selected were military veterans. (*Id.* at 5). At least eleven African-Americans, two of whom were male, were selected for positions. (Defs.' Mot., Ex. A at 136, 143, ECF No. 46-1). Grose admitted during his deposition that people who did not submit a proper application were rejected. (*Id.* at 135). He also conceded that some of those excluded on this basis may have been African-American or Caucasian females. (*Id.*) Stevian has submitted an affidavit providing that the only reason Grose's application was rejected was his failure to include his preferred duty station. (Defs.' Mot., Ex. B at 5, ECF No. 46-2).

On July 17, 2007, a Notice of Personnel Action on Vacant Position was sent to Grose that informed him he was not selected for the position, because he failed to meet the minimum qualification requirement of specialized experience. (Pl.'s Resp.,

Ex. B at 24, ECF No. 53-4).  Stevian has explained in his affidavit that this notice contained yet another error in that it provided that Grose lacked the required experience, while he was actually disqualified due to his failure to include his duty station preference.  (Defs.' Mot., Ex. B at 5, ECF No. 46-2).  The Notice also caused confusion, because the boxes next to the following reasons for refusing to consider an application were shaded: (a) "Your application was not considered because it was received after the Vacancy Announcement closing date May 05, 2007;" (b) "You did not include the announcement number in your application as required by the Vacancy Announcement;" and (c) "You are not a United States Citizen."  (*Id.*)  The Notice also could be construed to state that there were no positions available.  (*Id.*)

After he received the Notice of Personnel Action, Grose filed a complaint of employment discrimination with the Department of Homeland Security.  He claimed that he was denied the Housing Advisor Caseworker position due to his race, gender, age, and his military-connected disability.  On December 14, 2009, Administrative Judge Perry N. Martin of the Equal Employment Opportunity Commission found that FEMA did not discriminate against Grose on the bases of his race, gender, age, or disability when he was disqualified from consideration for the position.  (Def.'s Mot., Ex. C at 12, ECF No. 46-3).  The Department of Homeland Security issued a Final Order on Grose's equal employment opportunity complaint on January 6, 2010, finding that Judge Martin's decision should be affirmed.  (Def.'s Mot., Ex. 4 to Ex. A, ECF No. 46-1).  Grose was informed that he had the right to file an appeal with the Equal Employment Opportunity

Commission within thirty days or file a civil action in the appropriate United States District Court within ninety days. (*Id.*) Grose received the Final Order and the Notice of Appeal Rights on January 12, 2010. (Def.'s Mot., Ex. 4-A to Ex. A, ECF No. 46-1).

Grose then filed an appeal with the Merit Systems Protection Board. In a September 14, 2010 Final Order, the MSPB found that FEMA had altered or falsified the Notice of Personnel Action provided to Grose before submitting it to the MSPB. (Def.'s Mot., Ex. 1 to Ex. A, ECF No. 46-1). However, the MSPB found that it did not have jurisdiction over Grose's appeal, because his appeal concerned non-selection for a position. (*Id.*) MSPB notified Grose that he had the right to request review of its decision from the United States Court of Appeals for the Federal Circuit within sixty days. (*Id.*) Grose received the MSPB final order and notice of appeal rights on September 18, 2010. (Def.'s Mot., Ex. 1-A to Ex. A, ECF No. 46-1).

In another appeal filed with the MSPB, Grose claimed that FEMA's decision to disqualify him violated the Veterans Employment Opportunities Act. (Def.'s Mot., Ex. 2 to Ex. A, ECF No. 46-1). This appeal was denied as untimely on September 14, 2010, and Grose was notified of his right to file an appeal on September 18, 2010. (*Id.*; Def.'s Mot., Ex. 2-A to Ex. A, ECF No. 46-1).

In a third MSPB appeal, Grose claimed that FEMA discriminated against him on the basis of his military status in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994. (Def.'s Mot., Ex. 3 to Ex. A, ECF No. 46-1). On April 5, 2011, the MSPB held that Grose's military status was

not a factor in FEMA's decision to reject Grose' application. (*Id.*) On this occasion, the MSPB rejected Grose's claim that FEMA altered the Notice of Personnel Act and appeared to accept Stevian's explanation that the Notice of Personnel Action contained errors caused by computer malfunction. (*Id.*) Grose was notified that he had the right to appeal on April 8, 2011. (*Id.*; Def.'s Mot., Ex. 3-A to Ex. A, ECF No. 46-1).

Grose filed the present lawsuit on June 3, 2011. (Compl., ECF No. 1). He asserts claims pursuant to the Fourteenth Amendment, Fifth Amendment, 42 U.S.C. § 1983, Title VII, the Americans with Disabilities Act, the Rehabilitation Act, the Veterans Employment Opportunities Act, the Uniform Services Employment and Reemployment Rights Act, the Stafford Act, and the Federal Tort Claims Act. He originally claimed that he was discriminated against on the basis of his race, age, gender, and military-connected disability. He is no longer pursuing his age discrimination claim.

## DISCUSSION

## I. Title VII Claims of Race and Gender Discrimination

Absent direct evidence of discrimination, claims of race or gender discrimination are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In order to set forth a prima facie case of employment discrimination under this framework, a plaintiff must first demonstrate (1) that he belongs to a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment decision; and (4) "after his

rejection, the position remained open and the employer continued to seek applicants from persons with complainant's qualifications." *McDonnell*, 411 U.S. at 802, *cited in Godfrey v. Katy Indep. Sch. Dist.*, 395 F. App'x 88, 91 n.15 (5th Cir. 2010); *see also Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999). If the plaintiff presents a prima facie case, the burden shifts to the defendant to provide a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If the defendant offers such a justification, the burden again shifts to the plaintiff to show either (1) that the defendant's alleged justification was a pretext for discrimination, or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. *Manning*, 332 F.3d at 881; *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

For the purposes of their Motion for Summary Judgment, the defendants do not dispute that Grose can set forth a prima facie case of discrimination. The defendants assert that Grose was disqualified solely because he did not identify his preferred duty station. This is a legitimate, nondiscriminatory justification for the Agency's decision not to hire Grose. As a result, the burden shifts back to Grose to demonstrate that the defendants' justification was pretext for discrimination or that Grose's gender and/or race were a motivating factor behind the defendants' decision. "A reason is pretextual if it is false, 'unworthy of credence,' or otherwise unpersuasive." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147

(2000). As explained previously, Grose admitted during his deposition that applicants who did not specify their preferred duty station were disqualified. He also admitted that some of the individuals excluded on this basis may have been Caucasian or female.

During his deposition, Grose was asked numerous times to identify evidence supporting his claims that his rejection was discriminatory. His only response was that he personally believed he was discriminated against because only two African-American males were selected and because more females were selected for the positions than males. (Defs.' Mot., Ex. B at 138-39, ECF No. 46-2). Grose's subjective belief that he was not hired due to his race and gender are insufficient to create a genuine issue of material fact. *See Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 329 (5th Cir. 1994) ("[G]eneralized testimony by an employee regarding his subjective belief that his discharge was the result of [] discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge."); *see also Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995) ("[B]ald assertions of . . . discrimination are inadequate to permit a finding that proscribed discrimination motivated [the defendant's] actions against [the plaintiff]"). In addition, the fact that the defendants hired eleven African Americans, two of whom were male, actually supports the defendants' assertion that race and gender were not motivating factors behind their decision not to hire Grose. Finally, the errors and discrepancies included in the Notice of Personnel Action sent to Grose do not

demonstrate that the defendants discriminated against Grose.

It is important to note that the discrimination laws "address[ ] only discrimination, not general unfairness in employment relationships." *Arey v. Watkins*, 385 F. App'x. 401, 404 (5th Cir. 2010) (citing *LeMaire v. La. Dep't of Transp. & Dev. ex rel La.*, 480 F.3d 383, 391 (5th Cir. 2007)). At most, Grose has demonstrated that the defendants made mistakes during the hiring process. There is no indication that the defendants knowingly excluded persons who had failed to designate a preferred duty station in an effort to exclude African Americans or males. The evidence before the Court indicates that all applicants were treated in the same manner, regardless of their race or gender. Nevertheless, even if Grose did have a valid Title VII discrimination claim, this claim is untimely, since it was not filed within ninety days of his receipt of the EEOC right to sue letter on January 12, 2010. *See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (upholding the dismissal of a Title VII Complaint that was filed over ninety days after receipt of the notice of right to sue letter). The Court finds that the defendants are entitled to summary judgment as to Grose's Title VII claims for gender and race discrimination.

## II. Rehabilitation Act Claim

The standards courts utilize when evaluating ADA claims also apply to Rehabilitation Act claims. *Atkins v. Salazar*, 677 F.3d 667, 675 (5th Cir. 2011). To establish a prima facie claim under the Rehabilitation Act, a plaintiff must show that he: (1) suffers from a disability; (2) was qualified for the job; (3) was subject to

an adverse employment action; and (4) was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 399 (5th Cir. March 19, 2012). "An individual has a disability under the Act if he or she (1) has a 'physical or mental impairment that substantially limits one or more major life activities,' (2) has a record of such impairment, or (3) is regarded as having such impairment." *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 477 (5th Cir. March 30, 2010). Major life activities are those activities that are of central importance to daily life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011).

Grose has not alleged that he has a physical condition that substantially limits his ability to perform a major life activity; thus, he has not set forth a prima facie claim of discrimination under the Rehabilitation Act. The defendants are entitled to summary judgment as to this claim.

### III. Section 1983 Claim

Federal officials acting under color of federal law are not subject to lawsuits filed pursuant to 42 U.S.C. §1983. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282 (5th Cir. 1999); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Housing & Urban Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993). As a result, Grose's Section 1983 claim is dismissed without prejudice for lack of jurisdiction.

## IV. Americans with Disabilities Act

Grose's claims against Napolitano and Stevian pursuant to the ADA are also barred by the doctrine of sovereign immunity. The United States, its agencies, and employees are not considered public entities that can be sued under the ADA. *Adamore v. Sw. Airlines Corp.*, No. H-11-0564, 2011 WL 6301398 at *8 (S.D. Tex. Dec. 15, 2011). Grose's ADA claim must be dismissed without prejudice for lack of jurisdiction.

## V. Stafford Act Claim

The Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, et seq., "does not contain a waiver of sovereign immunity." *St. Tammany Parish v. FEMA*, 556 F.3d 307, 318 (5th Cir. 2009). Nevertheless, the Fifth Circuit has held that the Act contains a discretionary function exception "despite the lack of an express waiver of sovereign immunity, to protect the government from liability for claims based on its discretionary conduct brought pursuant to the FTCA, APA, or other statutes of general applicability." *Id.*

The Stafford Act requires the issuance of regulations prohibiting discrimination in an effort to insure that supplies are distributed and applications are processed in an equitable and impartial manner. 42 U.S.C. § 5151(a). "Courts have found that this provision imposes an affirmative duty on FEMA to provide assistance without discrimination and provides an aggrieved individual with a right of action against FEMA." *Laday v. Ramada Plaza Hotel Laguardia*, No. 07-CV-

0450 (BMC), 2007 Wl 526613 at *2 (E.D.N.Y. Feb. 13, 2007) (citing *Graham v. FEMA*, 149 F.3d 997, 1004-05 (9th Cir. 1998); *McWaters v, FEMA*, 436 F. Supp. 2d 802, 824 (E.D. La. 2996)).  The Court assumes that Grose is relying on this portion of the Act.  To the extent that this Court has jurisdiction over Grose's Stafford Act claim, the Court finds that the defendants are entitled to summary judgment.  As explained in the Title VII portion of this opinion, all of the evidence before the Court demonstrates that FEMA treated applicants in a like manner regardless of their race, gender, physical limitations, and military service.  *See Maleche v. Solis*, 692 F. Supp. 2d 679, 692 (S.D. Tex. 2010).

## VI. Fifth and Fourteenth Amendment Claims

Since the Fourteenth Amendment only applies to state actors and not federal actors, Grose does not have a Fourteenth Amendment claim against the defendants.  *See Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002).  As for the Fifth Amendment claim, Grose's causes of action against Napolitano and Stevian in their official capacities are, in essence, claims against the federal agencies themselves.  *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011).  No damages remedy exists against federal agencies for alleged constitutional violations.  *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).  Therefore, Grose's Fourteenth and Fifth Amendment claims must be dismissed.

## VII. Veterans Employment Opportunities Act of 1994 and Uniform Services Employment and Reemployment Rights Act Claims

The defendants argue that this Court does not have jurisdiction over Grose's

VEOA and USERRA claims, because the Federal Circuit has exclusive jurisdiction over those claims.  Grose counters that he was permitted to file his claims in this Court, because his claims constitute "mixed case complaints."  *See* 29 C.F.R. §1614.302 (explaining that a mixed case complaint or appeal alleges that an agency action was effected either in whole or in part on the basis of race, gender, or disability).  However, it is not necessary for the Court to reach this issue, because the Court finds that, even if Grose was permitted to file a mixed case in this Court, his lawsuit is untimely, as it was filed on June 3, 2011, more than thirty days after he received notice of his right to appeal on September 18, 2010, and April 4, 2011.  *See* 5 U.S.C. § 7703 (b)(2); 29 C.F.R. § 1614.310.  Grose should have either filed his appeal with the United States Court of Appeals for the Federal Circuit within sixty days of receiving notice of his rights or in this Court within thirty days of receiving notice of his rights.  *See* 5 U.S.C. § 7703 (b)(1),(2).  He did neither.  As a result, his VEOA and USERRA claims must be dismissed.

**VIII.  Federal Tort Claims Act Claim**

Grose alleges FTCA negligence claims against the defendants.  Before filing his FTCA claim, Grose was required to first present his claim to FEMA pursuant to 28 U.S.C. §2675.  Although Grose presented his discrimination claims to the Department of Homeland Security, he never provided his FTCA negligence claim for consideration.  (Defs.' Mot., Ex. F, ECF No. 46-6).  Therefore, Grose's FTCA claim must be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court finds that the Motion for Summary Judgment filed by Napolitano and Stevian in their official capacities is granted, and Grose's Motion for Summary Judgment is denied. All other pending Motions are moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [46] filed by Defendants Janet Napolitano, Secretary of Department of Homeland Security, and John Stevian, Human Resources Specialist for FEMA, in their official capacities is **GRANTED**. Grose's claims against Napolitano and Stevian in their official capacities are **DISMISSED** in accordance with this opinion. Grose's claims against Napolitano and Stevian in their individual capacities remain pending.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [48] filed by Anthony T. Grose is **DENIED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that all other pending Motions are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 16th day of July, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE