IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY T. GROSE, SR.**                                                                **PLAINTIFF**

v.                                                         CAUSE NO. 1:11CV227-LG-RHW

**JANET NAPOLITANO, Secretary,**
**Department of Homeland Security,**
**Federal Emergency Management**
**Agency; and JOHN STEVIAN, Human Resources**
**Specialist, Department of Homeland Security,**
**FEMA Human Capital Recruitment**                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, MOTION FOR ADDITIONAL FINDINGS OF FACT, AND MOTION TO VACATE JUDGMENT

**BEFORE THE COURT** are the Motion for Relief from Judgment [78-1, 88], Motion for Additional Findings of Fact [79-1; 89], and Motion to Vacate Judgment [80-1; 87; 90] filed by Plaintiff Anthony Grose.[1] He argues that this Court is biased against him because it has ruled against him on Motions and because the undersigned appointed John M. Dowdy, Jr., to the position of interim United States Attorney. He also claims that he was not permitted to insert affidavits into the record. He further argues that the Assistant United States Attorney representing the defendants forced him to submit to an "infrared" videotaped interrogation and

---

[1] Grose never filed formal Motions requesting relief, but he attached proposed Motions as exhibits to other pleadings, and he also filed numerous responses to an August 20, 2012, Text Only Order. Grose instructed the Clerk of Court to file these documents as responses [87, 88, 89, 90] to the Order, but each of the "responses" referenced "motions" and requested relief from the summary judgment granted in favor of certain defendants. As a result, the Court has construed these pleadings as Motions.

refused to give him a copy of the video. Finally, he argues that he was not provided with the exhibits that were attached to the Defendants' Motion to Dismiss or for Summary Judgment. The defendants sought and obtained additional time to respond to Grose's Motions, but Grose objects to the Court Order granting them additional time. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Grose's Motions should be denied.

## BACKGROUND

Grose, who is proceeding pro se, sued Defendants Janet Napolitano and John Stevian in both their official and individual capacities, claiming that he was discriminated against on the basis of his race, age, gender, and military-connected disability when he was not selected for a position with FEMA in 2007. Napolitano and Stevian have only appeared in this action in their official capacities. This Court dismissed Grose's official capacity claims against Napolitano and Grose on July 16, 2012. Grose has not yet served these defendants with process in their individual capacities.

In recent pleadings, Grose has altered the style of this lawsuit so that it appears that he is now suing this Court, the undersigned, United States Magistrate Judge Robert H. Walker, Counsel for the defendants, and former interim United States Attorney John M. Dowdy, Jr. However, Grose has not requested permission to amend his Complaint to name these additional defendants, and he has not filed a Motion to Recuse the undersigned or Judge Walker, although he argues in the present Motions that the presiding Judges should have recused themselves. Grose

-2-

also filed a Notice of Appeal prior to filing the present Motions.  Where a party has filed a Notice of Appeal before filing a Rule 60(b) motion, a district court has jurisdiction to consider and deny the Rule 60(b) motion.  *Lopez Dominguez v. Gulf Coast Marine & Assoc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010); *see also* Fed. R. Civ. P. 62.1.

## DISCUSSION

In his Motions, Grose seeks relief pursuant to Fed. R. Civ. P. 52(b).  When a party files a Rule 52(b) Motion seeking additional findings of fact following entry of summary judgment, the Court should construe the Motion as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment.  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997).  Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) Motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction.  *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, they cannot be used to argue a case under a new

legal theory." *Ross v. Mitchell*, 426 F.3d 745, 763 (5th Cir. 2005).

Grose also requests relief pursuant to Fed. R. Civ. P. 60(b), which provides that the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Grose argues that the summary judgment is void, because the undersigned and Judge Walker did not enter orders of recusal.  28 U.S.C. §455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This standard is objective in nature and "is with reference to the 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person' that the objective standard is currently established." *Andrade v. Chojnacki*, 338 F.3d 448, 454-55 (5th Cir. 2003).

Grose submits a January 13, 2011, article describing the undersigned's appointment of John M. Dowdy, Jr., as interim United States Attorney for the Southern District of Mississippi in support of his claim of bias.  He argues that the undersigned should not have presided over this case, because the appointment constituted a conflict of interest given that the defendants are represented by an Assistant United States Attorney.  28 U.S.C. § 546(d) authorized the undersigned to appoint Mr. Dowdy to the position, and the appointment did not in any way affect this Court's decisions in this lawsuit.  Mr. Dowdy has never made an appearance in

this case, and he was no longer serving as interim United States Attorney at the time when this Court entered summary judgment in favor of some of the defendants.[2]

Grose's argument that this Court is biased because it has ruled against him is likewise without merit, as adverse rulings are insufficient to show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992). As a result, Grose has not demonstrated that a reasonable person would doubt the impartiality of the undersigned or Judge Walker.

The Court also rejects Grose's argument that this Court violated his right to a jury trial and violated the Case Management Order by granting summary judgment in favor of some of the defendants. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court *must* grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Furthermore, this Court found that it did not have jurisdiction to consider some of Grose's claims, and thus, the Court was required to dismiss those claims as well.

Grose's allegations that he was denied the opportunity to submit affidavits in opposition to the defendants' Motion and that the Court improperly mooted certain

---

[2] Gregory K. Davis began serving as United States Attorney for the Southern District of Mississippi on April 11, 2012. Mr. Davis was not appointed by the undersigned.

Motions are inaccurate.  Grose could have submitted affidavits, but he chose not to do so.  This Court mooted Grose's request for permission to file a sur-rebuttal, because the Court reviewed the proposed sur-rebuttal and found that it did not demonstrate the existence of a genuine issue of material fact.  Grose's request for permission to oppose the denial of his untimely and insufficient Motion to Compel and Motion for Sanctions were also moot.

Grose's argument that Counsel for the defendants committed fraud and engaged in misconduct must also be rejected by the Court.  Grose's argument that he was not provided with the exhibits supporting the defendants' dispositive Motion is contradicted by Grose's own Memorandum in Opposition to the Motion, in which he discussed the exhibits in detail and objected to them.  (Pl.'s Mem. at 13-15, ECF No. 53-1).  Grose did not claim in his Memorandum in Opposition that any of the exhibits, which were also described in detail in the defendants' Motion and Memorandum, were not provided by the defendants.  (*See id*; *see also* Defs.' Mot. & Mem., ECF Nos. 46, 47).  Grose's argument that his deposition actually constituted an "infrared" videotaped interrogation is unsupported and meritless.

Finally, Grose's objection to this Court's Order granting additional time for the defendants to respond to the present Motions is overruled.  This Court has been very lenient with Grose and has granted him multiple extensions of time.  There is no reason why this Court could not show the same leniency to the defendants, particularly where Grose filed four separate "responses" totaling sixty-one pages in length that requested relief from the Court's decision to grant summary judgment.

Grose has not demonstrated that he is entitled to relief pursuant to either Fed. R. Civ. P. 52 (b), 59 (b), or 60 (b). As a result, his Motions must be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Grose's Motions should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Relief from Judgment [78-1, 88], Motion for Additional Findings of Fact [79-1; 89], and Motion to Vacate Judgment [80-1; 87; 90] filed by Plaintiff Anthony Grose are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE