IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY T. GROSE, SR.**                                                   **PLAINTIFF**

**v.**                                                                           **CAUSE NO. 1:11CV227-LG-RHW**

**JANET NAPOLITANO, Secretary,**
**Department of Homeland Security,**
**Federal Emergency Management**
**Agency; and JOHN STEVIAN, Human Resources**
**Specialist, Department of Homeland Security,**
**FEMA Human Capital Recruitment**                         **DEFENDANTS**

**ORDER DENYING SECOND MOTION TO HAVE DEFENDANTS**
**SERVED IN THEIR INDIVIDUAL CAPACITY BY THE**
**UNITED STATES MARSHAL SERVICE**

**BEFORE THE COURT** is Anthony T. Grose, Sr.'s Second Motion [99] to Have Defendants Served in their Individual Capacity by the United States Marshal Service. The Court finds that the Motion should be denied.

**DISCUSSION**

Grose sued Defendants Janet Napolitano[1] and John Stevian in both their official and individual capacities. These defendants have only appeared in this action in their official capacities. This Court dismissed Grose's claims against Napolitano and Grose in their official capacities on July 16, 2012, and issued an Order requiring Grose to show cause why his remaining claims against Napolitano

---

[1] Although Grose has sued Napolitano in her individual capacity, the alleged discriminatory actions asserted in his Complaint occurred in 2007. Napolitano was confirmed as Secretary of the Department of Homeland Security on January 20, 2009, and was appointed by President Barack Obama. In a recent pleading, Grose has admitted that his claims arose during President George W. Bush's administration, before Napolitano was appointed. (Pl.'s Proposed Mem. at 16, ECF 80-1).

and Stevian in their individual capacities should not be dismissed for failure to timely serve process. (Order, ECF No. 70; Order, ECF No. 71). In his response to the Order to Show Cause, Grose claimed that he had in fact served the defendants in their individual capacities, but the summonses returned executed in the record demonstrated that Grose had not properly served the defendants in their individual capacities. On August 9, 2012, the Court granted Grose additional time to properly serve these remaining defendants and advised Grose that he could serve the defendants via certified mail, restricted delivery. (Order, ECF No. 77). The deadline for service of process established in the Order was September 24, 2012. (*Id.*) On August 27, 2012, Grose filed his first Motion asking the Court to Order the United States Marshal to serve process on the defendants. (Pl.'s Mot., ECF No. 85). The Court denied that Motion, once again encouraging Grose to serve the defendants via restricted delivery. (*Id.*)

On September 26, 2012, Grose filed summonses returned executed as to both Stevian and Napolitano. (Summonses, ECF Nos. 97, 98). Despite the Court's clear instructions, the summonses returned by Grose reflect that he did not serve the defendants via restricted delivery. As a result, the certified mail was accepted by individuals other than the defendants. The Court will not order the United States Marshal to serve process on behalf of a plaintiff that has disregarded the Court's instructions for properly serving process.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Anthony T. Grose, Sr.'s Second Motion [99] to Have Defendants Served in their Individual

Capacity by the United States Marshal Service is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
