IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. GROSE, SR. | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO. 1:11-cv-227-HSO-JMR |
| | § | |
| JANET NAPOLITANO, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND/OR ALTERNATIVELY SUMMARY JUDGMENT; GRANTING DEFENDANT JOHN STEVIAN'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT; DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT JOHN STEVIAN; AND OVERRULING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

BEFORE THE COURT are Plaintiff Anthony T. Grose, Sr.'s Motion for Default Judgment and/or Alternatively Summary Judgment [122], Defendant John Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124], and Plaintiff Anthony T. Grose, Sr.'s Appeal [142] of Magistrate Judge's Order [139].[1] Defendant John Stevian, in his individual capacity, has filed a Response [126] in opposition to the Motion for Default Judgment and/or Alternatively Summary Judgment [122], and Defendants Janet Napolitano, in her official capacity only, and John Stevian have filed a Response [144] in opposition to the Appeal [142] of Magistrate Judge's Order [139]. Plaintiff Grose has not

---

[1] While Plaintiff titles his pleading as a Motion for Reconsideration, he subsequently refers to it as an "Appeal of Magistrate Judge's Decision(s)." Appeal [142] at p. 1. The substance of Plaintiff's pleading reflects that it is more properly construed as an appeal with objections to the Magistrate Judge's Order [139], pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), and a Motion to Reconsider.

responded to Defendant Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124].

After due consideration of the foregoing Motions, the record, and relevant legal authorities, the Court finds that Plaintiff Grose's Motion for Default Judgment and/or Alternatively Summary Judgment [122] should be denied and that his Appeal [142] of Magistrate Judge's Order [139] should be overruled. Defendant Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124] should be granted, and Grose's remaining claims against Stevian should be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Anthony T. Grose, Sr. ("Plaintiff") claims that Defendants Janet Napolitano, Secretary of Department of Homeland Security, and John Stevian, Human Resources Specialist for the Federal Emergency Management Agency ("FEMA"), did not select him to fill a job vacancy with FEMA in 2007 due to his race, gender, and military-connected disability. Plaintiff initiated this action by filing his *pro se* Complaint [1] in this Court on or about June 11, 2011. He filed an Amended Complaint [6] on August 8, 2011, and a Second Amended Complaint [17] on November 16, 2011. Plaintiff sued Defendants Napolitano and Stevian in both their individual and official capacities.

Plaintiff advanced claims pursuant to the Fourteenth Amendment, Fifth Amendment, 42 U.S.C. § 1983, Title VII, the Americans with Disabilities Act [the "ADA"], the Rehabilitation Act [the "RA"], the Veterans Employment Opportunities

Act [the "VEOA"], the Uniform Services Employment and Reemployment Rights Act [the "USERRA"], the Stafford Act, and the Federal Tort Claims Act [the "FTCA"]. In its July 16, 2012, Order [70], the Court dismissed all claims against Defendants Napolitano and Stevian in their official capacities, leaving Plaintiff's claims against these Defendants in their individual capacities pending. Order [70] at p. 14. A more detailed factual and procedural history surrounding this dispute can be found in that Order [70], which the Court adopts and incorporates by reference herein.

After the Court dismissed Plaintiff's claims against Defendants Napolitano and Stevian in their official capacities, Plaintiff filed various documents [78-1], [79], [80-1], [87], [88], [89], [90], which the Court construed as motions for additional findings of fact [79-1], [89], for relief from judgment [78-1], [88], and to vacate judgment [80-1], [87], [90], pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60(b). Order [104] at pp. 1–3, 7. The Court determined that Plaintiff had not demonstrated that he was entitled to relief and denied all of these Motions. *Id.* at p. 7.

Plaintiff now seeks an entry of default judgment, or alternatively summary judgment, against Defendants Napolitano and Stevian in their individual capacities, Pl.'s Mot. [122] at pp. 1–2, while Defendant Stevian seeks dismissal of the remaining claims asserted against him in his individual capacity, Stevian's Mot. [124] at pp. 1–2. Plaintiff further objects to the Magistrate Judge's Order [139] which denied his Motions [129], [131] seeking to amend his Complaint. Pl.'s Appeal [142], at p. 1.

## II. DISCUSSION

A. Plaintiff's Motion for Default Judgment and/or Alternatively Summary Judgment [122]

Plaintiff seeks a default judgment against Defendants Napolitano and Stevian in their individual capacities. After the Court granted Plaintiff additional time in which to attempt service upon Defendants in their individual capacities, Order [114] at p. 2,[2] the Clerk of Court issued summonses on November 16, 2012, Summonses [115] at pp. 1–3. Two were addressed to Stevians at separate addresses in Virginia, and one to Napolitano at the Department of Homeland Security in Washington, DC. *Id.*

In pleadings [116], [120], filed on December 20, 2012, and January 4, 2013, Plaintiff describes his purported attempts at service of process on both Defendants. On December 20, 2012, Plaintiff requested another extension of time to perfect service, Mot. [117] at p. 1, which the Court granted, Order [121] at p. 2. In its Order [121] entered on January 7, 2013, Plaintiff's deadline for service of process was extended until March 8, 2013. *Id.*

Having reviewed the record and Plaintiff's submissions, there is no indication that Plaintiff has ever properly served Defendants in their individual capacities. The basis of Plaintiff's request for default judgment is not that he has properly served either Defendant but that he is purportedly entitled to default judgment

---

[2]The Court has granted previous extensions of time to perfect service upon Defendants in their individual capacities as well. *See, e.g.,* Order [77] at p. 3; Order [114] at p. 2.

based upon "their intentional failures to accept/refuse Summons." Pl.'s Mot. [122] at p. 1. When a plaintiff applies for a default judgment, the Court may enter one against a defendant if that defendant has failed to plead or otherwise defend within the prescribed period of time. FED. R. CIV. P. 55(a)–(b). Default judgments are generally disfavored in the law. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Entry of a default judgment is generally committed to the district judge's discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Even assuming either Defendant intentionally failed to accept or refused the Summons, Plaintiff cites no controlling authority to support the proposition that default judgment is appropriate under the circumstances.[3] The United States Court of Appeals for the Fifth Circuit has noted that "willful evasion of process is not grounds to support entry of default judgment." *Lacy*, 227 F.3d at 292 n.5 (citing *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990)).

Plaintiff has not alleged or presented any evidence that either Defendant has been properly served in their individual capacity. While Defendants have received notice of this lawsuit, "[t]he defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d

---

[3]Plaintiff does cite an excerpt from the Comments to Rule 4, which discuss a 1982 proposal that "would permit the entry of a *default judgment* if the record contained a returned receipt showing acceptance by the defendant or *a returned envelope showing refusal* of the process by the defendant and subsequent service and notice by first class mail." Pl.'s Mot. [122] at p. 2 (emphasis in original). This is not controlling authority, but simply an excerpt from a letter from then Assistant Attorney General Robert A. McConnell to the Chairman of the Committee on the Judiciary in the House of Representatives. Legislative Statement – 1983 Amendment, FED. R. CIV. P. 4. Rule 4 has been amended several times since 1983.

303, 306 (5th Cir. 1988). To date, Defendants have not been properly served and are not in default. *See* FED. R. CIV. P. 55(b). For this reason, the time limit for serving answers under Rule 12(a) has not expired. Moreover, when a defendant is improperly served with process, a court lacks jurisdiction over the defendant, and any default judgment is void. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Consequently, the Court must deny Plaintiff's Motion to the extent he seeks default judgment.

To the extent that this Motion requests summary judgment under Federal Rule of Civil Procedure 56, Plaintiff has not met his burden of demonstrating that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law on any claim or defense asserted in this case. FED R. CIV. P. 56(a). To the extent Plaintiff is seeking summary judgment, this request should be denied.

B.  Defendant Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124]

Defendant Stevian seeks dismissal of Plaintiff's claims against him in his individual capacity on several different grounds: (1) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; (2) under Rule 12(b)(2) for lack of personal jurisdiction; (3) under Rule 12(b)(5) for insufficient service of process; and (4) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Stevian's Mot. [124] at p. 1. In the alternative, Stevian seeks summary judgment under Rule 56. *Id.* at p. 2. For the reasons more fully stated in this Court's Order [70] entered on July 16, 2012, in Stevian's Memorandum Brief [125], and for the reasons stated below, the Court finds that Plaintiff's claims against

Stevian in his individual capacity should be dismissed.

1. <u>Plaintiff's Title VII Gender and Race Discrimination Claims</u>

As an applicant for federal employment in an executive agency, Plaintiff cannot maintain Title VII claims for gender and race discrimination against Stevian because he was not the head of the department or agency. *See* 42 U.S.C. § 2000e-16(c). Even if such claims were cognizable, the Court is persuaded that based upon the record, summary judgment is appropriate as to these claims. As this Court has already determined,

> [a]t most, Grose has demonstrated that the defendants made mistakes during the hiring process. There is no indication that the defendants knowingly excluded persons who had failed to designate a preferred duty station in an effort to exclude African Americans or males. The evidence before the Court indicates that all applicants were treated in the same manner, regardless of their race or gender. Nevertheless, even if Grose did have a valid Title VII discrimination claim, this claim is untimely, since it was not filed within ninety days of his receipt of the EEOC right to sue letter on January 12, 2010.

Order [70] at p. 9 (citing *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)); *see also* Stevian's Mem. [125] at p. 10 n.9.

Defendant Stevian in his individual capacity is entitled to summary judgment as to Plaintiff's Title VII claims. *See* FED. R. CIV. P. 56.

2. <u>Plaintiff's ADA and Rehabilitation Act ["RA"] Claims</u>

Plaintiff's claims against Defendant Stevian under the ADA and RA should be dismissed. The Fifth Circuit has held that under the RA, only the public entity itself is amenable to suit, such that an individual defendant cannot be sued. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). As this Court has previously held, under the ADA, "[t]he United States, its agencies, and employees are not considered

public entities that can be sued under the ADA." Order [70] at p. 11 (citing *Adamore v. Sw. Airlines Corp.*, No. H-11-0564, 2011 WL 6301398, at \*8 (S.D. Tex. Dec. 15, 2011)); *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Accordingly, Plaintiff's claims against Defendant Stevian under the ADA and RA will be dismissed.

### 3. Plaintiff's Remaining Claims Against Defendant Stevian

As for Plaintiff's remaining non-Title VII claims against Defendant Stevian, the United States Supreme Court has held that Title VII provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin.*, 425 U.S. 820, 829 (1976). The Fifth Circuit has stated "that *Brown* stands for the proposition that 'Title VII is the exclusive judicial remedy for claims of discrimination in federal employment.'" *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 263 (5th Cir. 1991)). Thus, when a complainant against a federal employer relies on the same set of facts in pursuing both a Title VII claim and a non-Title VII claim, the non-Title VII claim is "not sufficiently distinct to avoid the bar." *Id.* (citation omitted); *see also Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996).

Having reviewed the pleadings and the record, the Court is of the view that Plaintiff's allegations under 42 U.S.C. § 1983, the Stafford Act, the Fifth and Fourteenth Amendments, and the FTCA are factually indistinguishable from those which form the basis of his Title VII claims. *See* Sec. Am. Compl. [17] at pp. 1–3;

*see also* Stevian's Mem. [125] at pp. 10–11. These claims are preempted by Title VII and do not afford Plaintiff an independent ground for relief. *See Rowe*, 967 F.2d at 189; *Jackson*, 99 F.3d at 716.

With respect to Plaintiff's Stafford Act claim, the Court further remains of the opinion expressed in its earlier Order that "all of the evidence before [it] demonstrates that FEMA treated applicants in a like manner regardless of their race, gender, physical limitations, and military service," such that Stevian would be entitled to summary judgment. Order [70] at p. 12. Nor can Plaintiff maintain an FTCA claim against Stevian because the Court has already determined that Plaintiff failed to exhaust his administrative remedies, Order [70] at p. 13 (citing 28 U.S.C. § 2675), and because "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction," *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). As for Plaintiff's VEOA and USERRA claims, the Court has previously determined that even if the Federal Circuit Court of Appeals lacked exclusive jurisdiction over those claims, they would nevertheless be untimely. Order [70] at pp. 12–13 (citing 5 U.S.C. § 7703(b)(1), (2)).

4. <u>The Court Lacks Personal Jurisdiction Over Defendant Stevian</u>

In addition, for the reasons more fully stated in Stevian's Memorandum Brief [125], Plaintiff has not established that this Court has personal jurisdiction over Defendant Stevian. There are no allegations showing that Defendant Stevian, as

an individual, had either specific or general minimum contacts with the State of Mississippi. *See Lopez v. Mineta*, 87 F. App'x 998, 998 (5th Cir. 2004). Therefore, the Court cannot exercise jurisdiction over him. Plaintiff's claims against Stevian should further be dismissed without prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Even if personal jurisdiction were proper here, Plaintiff has failed to properly serve Stevian in his individual capacity in accordance with Federal Rule of Civil Procedure 4, and the time for doing so has expired. Order [121] at p. 2. Dismissal without prejudice of Plaintiff's claims against Stevian in his individual capacity would also be appropriate pursuant to Rule 12(b)(5).

C.   Plaintiff's Appeal [142] of Magistrate Judge's Order [139]

Plaintiff objects to the Magistrate Judge's Order [139] entered on April 16, 2013, which denied his Motions [129], [131], to amend his Second Amended Complaint [17]. With his Appeal [142], Plaintiff also requests that the Court stay its Order [139], "to allow plaintiff 'Leave of Court,' to 'show cause' upon obtaining current court transcripts for review; review of L.U.C. Rules, U S District Courts [sic] Southern District of Mississippi; and review of Federal Rules of Civil Procedure." Pl.'s Mem. in Supp. of Appeal [143] at pp. 2–3. It is unclear what "court transcripts" Plaintiff would need, as there have been no hearings conducted in this case. To the extent Plaintiff asks the Court to stay consideration of his Appeal, this request will be denied.

In relevant part, the Magistrate Judge's Order [139] denied Plaintiff's

Motions [129] [131] to amend his Second Amended Complaint [17]. Plaintiff's first Motion [129] sought leave to add Assistant United States Attorney Stephen R. Graben and United States Attorney Gregory K. Davis as Defendants, Pl.'s Mot. [129] at p. 1. Plaintiff's other Motion to Amend [131] sought leave to add Magistrate Judge Robert H. Walker and Chief United States District Judge Louis Guirola, Jr., as Defendants. Pl.'s Mot. [131] at p. 1. Because the Magistrate Judge determined that Plaintiff was seeking to amend his Complaint for the third time, that this matter had been pending for almost two years, that the proposed amendments did not relate to Plaintiff's underlying claims, that allowing the amendments would result in undue prejudice to Defendants, and that the amendments would be futile, he denied Plaintiff's Motions to Amend [129][131]. Order [139] at pp. 3–5.

Title 28 U.S.C. § 636(b)(1)(A) provides that the district judge, having assigned certain pretrial matters to the magistrate judge, "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Civil Procedure 72(a) states that:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a); *see* L.U. CIV. R. 72(a)(1)(B).

Plaintiff does not assert that the Magistrate Judge's Order was clearly erroneous or contrary to law. *See* Appeal [143]. Nor is the Court persuaded that Plaintiff has made such a showing. The Court agrees with the Magistrate Judge that allowing the proposed amendments would result in undue prejudice to Defendants and that any such amendment would be futile. Moreover, there is no legal basis to join Plaintiff's proposed new claims with his previous ones. The claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and there is no question of law or fact common to the existing and proposed new Defendants. *See* FED. R. CIV. P. 20(a)(2) (permissive joinder of parties). Plaintiff's Objections contained in his Appeal to the Magistrate Judge's Order [139] are not well taken and will be overruled.

### III. CONCLUSION

For the reasons stated more fully herein, Plaintiff's Motion for Default Judgment and/or Alternatively Summary Judgment [122] will be denied, and the Objections contained in his Appeal [142] of Magistrate Judge's Order [139] will be overruled. Defendant Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124] will be granted, and Plaintiff's remaining claims against Stevian will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Anthony T. Grose, Sr.'s Motion for Default Judgment and/or Alternatively Summary Judgment [122] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Anthony T. Grose, Sr.'s Objections contained in his Appeal [142] of Magistrate Judge's Order [139] are **OVERRULED**, and the decision of the Magistrate Judge is **AFFIRMED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant John Stevian's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [124] is **GRANTED**, and Plaintiff's claims against Defendant John Stevian are **DISMISSED** in accordance with this Memorandum Opinion and Order. Plaintiff's claims against Defendant Janet Napolitano, in her individual capacity, remain pending.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE